Matthew J. Vitanza, J.
The defendant was issued two simplified traffic informations which accused him of passing a red light and driving on a junior operator’s license on the 7th day of March, 1976 at 1:30 a.m. on Tompkins Street at Conklin Avenue in the City of Binghamton, Broome County, New York. Trial was held and the court reserved decision. At the trial the officer testified that the defendant approached a red light, stopped and then made a right hand turn on to Conklin Avenue while the light was still red. Defendant testified that he stopped for the red light and the light turned green. The officer was in a position where he could see the light facing the defendant. I am of the opinion that the People have sustained the burden of proving the defendant guilty beyond a reasonable doubt of passing a red light.
The defendant offers two defenses to the charges of driving on a junior operator’s license. (Class 6 license.) First is that defendant had with him a person in loco parentis. He testified that his mother told his 18-year-old friend who possessed a senior operator’s license (class 5 license) that he should make sure that the defendant did not get into any trouble. In the opinion of this court this does not constitute a person in a *5 position of loco parentis. A person "in a position of loco parentis’ to the licensee is a person who, in relation to the licensee, has on a regular and extended basis, assumed the character of a parent and is discharging parental duties as the result of the death, disability or absence of the natural parent.” (15 NYCRR 1.1 [c].)
Secondly, the defendant claims as a defense that he was driving to work. He testifies that he is employed by his father who owns a mobile home park in Conklin, New York, and that he was going to the mobile home park to check and see if everything was in order and that no vandalism had occurred. The arresting officer did not ask the defendant to produce a letter from his employer indicating the hours and time he worked, nor did the defendant tender such a letter to the officer.
Subdivision 3-a of section 501 of the Vehicle and Traffic Law entitled "Restrictions on use of class 6 license”, states at paragraph (b) that "a class 6 license shall not permit the holder to operate any motor vehicle * * * from nine o’clock in the evening to five o’clock in the morning, other than going to and from a place of business where he is actually employed on a regularly scheduled basis in accordance with regulations promulgated by the commissioner, unless accompanied by a parent, guardian, or one in a position of loco parentis to the licensee”. The commissioner’s regulations (15 NYCRR 1.4 [b]) states "[i]f a licensee is employed on a regular scheduled basis as set forth in subdivision (a) of this section he may drive unaccompanied to a place of business, as set forth in subdivision (a) of section 1.1 of this Part, providing that in addition to his license he has in his possession a letter signed by his employer containing the date of the letter, the licensee name, the motorist identification number and job description, the day or days of licensee’s employment, the hours of employment, the location or locations of employment and the phone number, as well as, the address at which the employer may be contacted by a police officer or magistrate for clarification.” It appears to this court that there is an implied obligation on the part of a driver holding a class 6 license when driving between the hours of 9:00 p.m. and 5:00 a.m. to produce such a letter when the officer requests to see his license.
The defendant in this case neither produced such a letter to the officer, nor did he produce such a letter in court. The failure of the defendant to produce such a letter can result in *6 this court reaching only one conclusion that the defendant was driving in noncompliance of section 501 (subd 3-a, par [b]) of the Vehicle and Traffic Law and committed a violation of subdivision 1 of section 509 of the Vehicle and Traffic Law.